IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON, | No. CIV S-05-1649-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TERESA A. SCHWARTZ, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint, transferred from the Northern District of California on August 17, 2005.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names the following individuals as defendants: Schwartz; Hernandez; Harrison; Woodford; Khoury; Mehta; Geraghty; Kearney; Nutelly; Ritter; Hunt; Gomez; Armstrong; Wagner; Raupe; Smith; Marshall; Pattanechinda; Turner; Diliberto; Grannis; Loftin; Stocker; Meyers; Cassim; Attygalla; and Donovan. Plaintiff indicates that a number of these individuals are supervisory personnel.[1] In addition, plaintiff appears to name the California Medical Facility, Vacaville, as a defendant. Plaintiff's complaint consists of a four-page form, a 20-page hand-written attachment entitled "Complaint for Damages (Civil Rights) Demand for Jury Trial," and almost 150 pages of attached exhibits. Plaintiff seeks monetary damages as well as various forms of equitable relief.

## II. DISCUSSION

Plaintiff's complaint suffers from at least two defects. First, it does not contain a short and plain statement of plaintiff's claims as required by Rule 8. Second, the complaint names the California Medical Facility, Vacaville, which is an immune defendant.

---

[1] Plaintiff so indicates by identifying some named defendants as "Warden."

A.     **Short and Plain Statement**

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint refers to nearly 150 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through almost 150 pages of documents in order to even guess at plaintiff's claims. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

B.     **Defendant California Medical Facility, Vacaville**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphar Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies.[2] See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff names as a defendant the California Medical Facility, Vacaville, which is immune under the Eleventh Amendment. By findings and recommendations issued herewith, the court will recommend that the California Medical Facility, Vacaville, be dismissed as a defendant to this action.

///

///

///

---

[2] A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: November 1, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE