IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON, | No. CIV S-05-1649-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TERESA A. SCHWARTZ, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 15), filed on December 2, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names the following individuals as defendants: Hickman; Veal; Khoury; Mehta; Kearney; Hernandez; Ritter; Hunt; Wagner; Raupe; Marshall; Meyers; Yarborough; Fitter; Cassim; Attygalla; Fortaleza; Turner; Grannis; Loftin; Stocker; and Pearson.  The caption of the amended complaint also lists "California Department of Corrections and Rehabilitation."  The amended complaint consists of a 22-page handwritten document entitled "First Amended Complaint," and more than 120 pages of attached exhibits.

## II. DISCUSSION

As with the original complaint, plaintiff's amended complaint does not contain a short and plain statement of plaintiff's claims as required by Rule 8.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's complaint refers to over 120 pages of attached documents which purportedly support the factual allegations against the defendants.  This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's complaint would require the court to comb through over 120 pages of documents in order to even guess at

plaintiff's claims. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

Additionally, the court notes that the amended complaint names the California Department of Corrections and Rehabilitation, which is an immune defendant.[1] The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies.[2] See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, the California Department of Corrections and Rehabilitation should be dismissed with prejudice.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

---

[1] The original complaint named the California Medical Facility, Vacaville, which was dismissed from this action as an immune defendant by order issued on December 7, 2005.

[2] A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

1       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
4  each named defendant is involved, and must set forth some affirmative link or connection
5  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
6  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7       Because some of the defects identified in this order cannot be cured by
8  amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now
9  has the following choices: (1) plaintiff may file an amended complaint which does not allege the
10 claims identified herein as incurable, in which case such claims will be deemed abandoned and
11 the court will address the remaining claims; or (2) plaintiff may file an amended complaint
12 which continues to allege claims identified as incurable, in which case the court will issue
13 findings and recommendations that such claims be dismissed from this action, as well as such
14 other orders and/or findings and recommendations as may be necessary to address the remaining
15 claims.

16      Finally, plaintiff is warned that failure to file an amended complaint within the
17 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
18 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
19 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
20 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's first amended complaint, filed on December 2, 2005, is dismissed with leave to amend; and

        2.     Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: December 9, 2005.

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE