IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON, | No. CIV S-05-1649-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TERESA A. SCHWARTZ, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 21). Also pending before the court is plaintiff's motion for injunctive relief (Doc. 22).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

## I. BACKGROUND

In his second amended complaint, plaintiff alleges that he has been repeatedly denied special medical permission for items he claims he needs to alleviate back pain and other problems.  In particular, plaintiff has requested, among other things, special pillows, egg-crate type mattresses, particular blankets, thermal underwear, a straw hat, vitamins, and soft-sole boots.  While some of plaintiff's requests were partially granted, many of them were denied.  Plaintiff admits that he was seen by medical professionals with respect to his medical complaints.  The gravamen of plaintiff's complaint is that, while he was seen by medical personnel, he was nonetheless denied items essential to his continuing health.  Plaintiff continually refers to medical malpractice in his complaint and states that he served prison officials with a ". . . medical malpractice suit."

Plaintiff's claim for relief is as follows:

> The actions of defendant at all times mentioned herein, defendants and each of them were acting under color or law, defendants (names omitted) gives legitimacy to denial of once prescribed medical treatments, and denial to see doctors in court ordered time constraints and follow up treatment . . . to receive treatment to relieve pain and suffering.  Which is cruel and unusual punishment violating the Eighth Amendment denial of medical treatment.

Plaintiff seeks injunctive relief and monetary damages.

2

## II. DISCUSSION

Plaintiff claims that defendants violated his Eight Amendment rights with respect to medical treatment. The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, the court finds that plaintiff has not stated – nor does it appear that he ever can – a claim under the Eighth Amendment. In particular, plaintiff has not alleged that defendants' conduct was so serious such that it resulted in the denial of the minimal civilized measure of life's necessities. See Farmer, 511 U.S. at 834. Thus, plaintiff has not sufficiently alleged the objective component of an Eighth Amendment violation. Further, plaintiff has not alleged that, subjectively, defendants acted unnecessarily and wantonly for the purpose of inflicting harm. See id.

Finally, it does not appear that plaintiff can amend the complaint to cure these defects. Throughout the complaint, plaintiff mentions medical malpractice and negligence and even states that he filed a malpractice suit. Thus, it is clear that plaintiff's claims stem from alleged professional negligence and not deliberate indifference.

4

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed for failure to state a claim;
2. Plaintiff's motion for injunctive relief be denied as moot; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 25, 2006.

                                         _____
                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE